UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOSEPH MARION RIMAC,<br><br>           Plaintiff,<br><br>      v.<br><br>RANDY DUNCAN, RANDY CRAWFORD,<br>COUNTY OF DEL NORTE, and FORT DICK<br>FIRE PROTECTION DISTRICT,<br><br>           Defendants. | No. 07-0298 SC<br><br>ORDER GRANTING<br>DEFENDANTS'<br><u>MOTIONS TO DISMISS</u> |

**I.   INTRODUCTION**

Before the Court are three Motions to Dismiss respectively filed by Defendant Randy Duncan ("Duncan"); Randy Crawford ("Crawford") and the Fort Dick Fire Protection District ("District"); and the County of Del Norte ("County").  See Docket Nos. 4, 7, 9.  Plaintiff Joseph Marion Rimac ("Rimac" or

1

1  "Plaintiff") has submitted an opposition to each motion.  See
2  Docket Nos. 12, 13, 14.
3       The Court FINDS that the Complaint fails to allege facts
4  sufficient to support the existence of a state action and thus
5  DISMISSES WITH PREJUDICE the action for lack of subject matter
6  jurisdiction.

**II.  BACKGROUND**

This action arises out of a dispute between two neighbors, Rimac and Duncan, regarding a tree. See Compl. The tree in question is a redwood which formerly formed an archway over a private drive on Rimac's property. Id. at 2. Duncan was unhappy about the tree because it would prevent him from driving a large mobile home to his property. See id. Duncan requested that Rimac remove the tree. Id. Rimac refused. Id. Duncan then removed the tree and surrounding trees sometime between January 17, 2006 and January 24, 2006, and a couple weeks later Duncan removed the wood. Id. at 8.

Marginally complicating the situation, and providing the bases upon which Rimac attempts to transform this dispute into a federal case, Duncan is a corrections officer at Pelican Bay, see id. at 4, and Crawford, who is fire chief of the District, was tangentially involved in the dispute. See id. at 4, 8-9.

In the runup to the trees' destruction, Duncan let it be known to Rimac that, as a corrections officer, he "always gets his way." Id. at 7. He also told Rimac that "due to his status in the local community[,] . . . no jury in Del Norte County would rule against

2

1  him after he cut down the trees."  Id. at 8.
2     Crawford's involvement appears to have been meeting with
3  Duncan on Rimac's property, on January 17, 2006, to discuss
4  removing the trees and providing a letter to Duncan, on January 24,
5  2006, which opined that the tree in question should be removed.
6  See id. at 8.

### III. LEGAL STANDARD

Defendants' 12(b)(1) Motions facially attack the Court's subject matter jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) ("In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.") Thus, the Court is obligated to accept all well-pleaded factual allegations in the Complaint as true and construe them in a light most favorable to the Plaintiff. See Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). Nonetheless, Plaintiff, as the party seeking to invoke the Court's jurisdiction, "has the burden of proving the actual existence of subject matter jurisdiction," and the Complaint will be dismissed if he fails to carry it. Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Thus, in order to invoke this Court's jurisdiction under Section 1983, pursuant to 28 U.S.C. § 1331, Plaintiff must allege facts sufficient to establish both a deprivation of a right, privilege or immunity guaranteed to him by the law and that a state action was the source of that deprivation.  See West v. Atkins, 487 U.S. 42, 47 (1988).

**IV.  DISCUSSION**

Plaintiff offers two theories for finding the required state action:  1) Duncan's invocation of his position as a California State corrections officer in the course of the dispute ("Correction Officer Theory"); and 2) Crawford's involvement in the dispute ("Crawford Involvement Theory").  See Docket No. 12 ("Opp.") at 4.  Both fail.

Plaintiff's Correction Officer Theory is purportedly based on the formulation of "state action" articulated in Screws v. United States, 325 U.S. 91 (1945) and Van Ort v. Estate of Stanewich, 92 F.3d 831 (9th Cir. 1996).  See Opp. at 5.  In Van Ort, the Ninth Circuit stated:

> [A party] also might have been acting under color of law if he had purported to or pretended to act under color of law, even if his goals were private and outside the scope of authority.

92 F.3d at 838 (citing Screws, 325 U.S. at 111).  However, in order to prove a state action under this pretense of authority theory, a plaintiff must prove either:  that the alleged pretense of authority "related to the provision of services pursuant to [the party's governmental] employment"; or that the party "used his

4

government position to exert influence and physical control over the [plaintiff], particularly if [the plaintiff was] in awe of government officials." Id. (internal quotations omitted).

The Complaint contains neither allegations that Duncan made any pretense of authority to cut down the trees that was related to his provision of services as a corrections officer nor that Duncan used his position as a corrections officer to exert influence and physical control over Rimac. See Compl. Rather, the most that can be said of the statements regarding his position is that they were pompous and obnoxious. The fact that Duncan chose to base his bombast on his position in state government does not make the dispute a federal case.

Plaintiff's Crawford Involvement Theory is based on the doctrine of "joint action," articulated in Dennis v. Sparks, 449 U.S. 24, 187 (1980). See Compl. at 5-6. In Dennis, the Court stated that a party who is not a State official may still be subject to liability under Section 1983 if "he is a willful participant in joint action with the State or its agents." 449 U.S. at 187. However, it is not sufficient to participate jointly with a state's agents in any act, but rather it must be "an official act." Id. In Dennis, the official act was an injunction from a state court judge, which was procured through "a corrupt conspiracy." Id. In other words, the joint action must be of a type which would subject the state agent to liability under Section 1983. It must be an action done "within the scope of [the State agent's] employment or under color of state law." Van Ort, 92 F.3d at 835. Otherwise, the state agent "acts as a private citizen" and

5

is not subject to Section 1983 liability.  Id.  Obviously, and consequently, a non-state actor acting jointly with a state agent who acting as a private citizen is not subject to Section 1983 liability.

In the instant case, the act in question is manifestly unofficial and private:  the unauthorized destruction of trees by a disgruntled neighbor.  Crawford did not commit this act under the color of law or otherwise.  Duncan destroyed the trees, and he did so as a private citizen.  Thus, despite Plaintiff's vague suggestion that there was a conspiracy afoot between Duncan and Crawford, any such conspiracy had as its goal an unofficial act, and thus Crawford's involvement in it, does not make this a federal case.

**V.   CONCLUSION**

For the foregoing reasons, the Court DISMISSES the instant action WITH PREJUDICE.

IT IS SO ORDERED.

Dated: May 4, 2007

_____
UNITED STATES DISTRICT JUDGE